IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHADWICK J. NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-409-JHP-SPS |
| ) | |
| BRUCE HOWARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes on for consideration of Defendants' Motion to Dismiss, or alternatively Motion for Summary Judgment (Dkt. # 21) filed on May 1, 2012. The Court has before it for consideration plaintiff's complaint, the defendants' motion, a special report prepared at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and plaintiff's response. For the reasons stated below, the Court finds this action should be dismissed for failure to exhaust administrative remedies.

*Background*

Plaintiff, an inmate at the Lawton Correctional Facility, Lawton, Oklahoma, brought this action pursuant to 42 U.S.C. § 1983 for alleged civil rights violations which occurred while he was incarcerated at Howard McCleod Correctional Center ("HMCC"), seeking injunctive relief (i.e. removal from "HMCC"), an order giving him unrestricted access to the law library, and $10,000 from the defendants. Plaintiff alleges he suffered several forms of retaliation at the hands of HMCC staff members due to his practice of Judaism. First, the

plaintiff alleges that Defendants Finch and Wilson have denied him access to the courts by repeatedly obstructing his access to the law library. Second, the plaintiff alleges that Defendant Wilson has, on three occasions, attempted to obstruct him from observing religious holy days by issuing unwarranted punishment including limiting his access to the law library and terminating him from his "job" assignment as a unit orderly. Third, the plaintiff claims that Defendant Finch has, without cause written him up for misconduct and has threatened bodily harm and has directed racially and religiously-disparaging remarks at him in retaliation for the plaintiff filing grievances against Defendant Finch.

## *Undisputed Facts*[1]

Plaintiff was housed in HMCC, an Oklahoma Department of Corrections ("ODOC") facility, at the time his alleged claim arose. On April 5, 2012, the plaintiff notified the court that he had been moved to the Lawton Correctional Facility. Dkt. # 18.

ODOC has a written policy governing inmate grievances, entitled "Offender Grievance Process" - OP-090124. See, Dkt. 21-2. That policy provides that an offender must first try to resolve his complaint informally by talking with appropriate staff within three days of the incident. *Id.*, at p. 7. If not resolved, the inmate must submit a "Request to Staff" stating "completely but briefly the problem." *Id.*, at p. 8. This request must be submitted within seven calendar days of the incident. *Id.* If the complaint is not resolved informally, the offender may obtain and complete the "Offender Grievance Report Form"

---

[1] The following facts are either undisputed–i.e., not specifically controverted by Neal in accordance with Local Civil Rule 56.1(c)–or are described in the light most favorable to Neal. Immaterial facts are omitted.

and submit it along with the "Request to Staff" form used in the informal resolution process with the response, to the reviewing authority. *Id*. DOC policy requires this grievance form to be submitted "within 15 calendar days of the incident, or the date of the response to the "Request to Staff" form, whichever is later." *Id*., at p. 9. As a general rule, grievances must be submitted to the reviewing authority where the alleged incident occurred. Where, however, the grievance involves a custody assessment, sentence administration or records, the grievance must be submitted to the facility where the field file is located. *Id*.

If an inmate does not receive a response to a grievance within 30 calendar days of submission, the offender may send a grievance to the administrative review authority asserting that his grievance has not been answered, along with evidence of submitting the original grievance to the facility reviewing authority. *Id*., at p. 10. A grievance to the administrative review authority for lack of response may "assert only that the offender's grievance was not answered." *Id*. Additionally, the ODOC's policy provides a tracking procedure for grievances submitted to the reviewing authority which requires assignment of a grievance number, category code and stamp or show date of receipt on every page received including the envelope and on grievances which are returned unanswered for any reason. *Id*.

If the inmate's grievance is denied, the inmate has 15 calendar days from receipt of the response to file an appeal to the administrative review authority using the appropriate ODOC form, 060125V. *Id*., at p. 12. Appeals of grievances must be submitted through the United States mail. *Id*., at p. 13. The ruling of the administrative review authority is final and no further ODOC administrative remedies are available to inmates. *Id*., at p. 14.

Plaintiff sent a grievance to the warden on October 24, 2011, Grievance No. 11-55. On November 1, 2011, the grievance was returned to the plaintiff because the "attachments to the grievance were too voluminous," and the plaintiff was advised that he had ten (10) calendar days from receipt to properly submit the grievance. *See*, Dkt. # 20-6. The plaintiff never resubmitted the grievance.

On September 28, 2011 and September 29, 2011, HMCC permitted Jewish inmates, including the plaintiff, to celebrate Rosh Hashanah. Dkt. # 20-8, at p. 2. On October 7 and 8, 2011, HMCC permitted Jewish inmates, including the plaintiff to celebrate Yom Kippur. *Id.*, at p. 3. On October 12 through October 14, 2011, HMCC permitted Jewish inmates, including the plaintiff, to celebrate Sukkot, also known as the "Feast of Tabernacles." *Id.*, at p. 4. As part of each of these observances, Jewish inmates were excused from their prison work assignments.

The law library records from HMCC establish that the plaintiff made 54 separate visits during all hours of the day to HMCC's law library between September 24, 2011 and October 22, 2011. Additionally, these records establish that the plaintiff frequently spent several hours per day within the law library. Dkt. # 20-9.[2]

### *Legal Analysis*

Summary judgment is appropriate where there is no dispute of material facts and the

---

[2]Plaintiff complains in his response to the defendants' motion for summary judgment "that the defendants evidentiary proof for access does not begin from the date defendants restricted plaintiff's library access." A liberal reading of plaintiff's complaint, however, establishes that the first time plaintiff complained of being denied access to the law library was on or about October 15, 2011.

4

moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56. When presented with a summary judgment motion, this Court must determine whether there "are any genuine factual issues that properly can be resolved only by the finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). When evaluating a motion for summary judgment, this Court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988). The party opposing summary judgment, however, "may not rest upon mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

     The Prison Litigation Reform Act of 1996 ("PLRA") provides in part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d

1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

Based upon the undisputed factual background, it appears the plaintiff has not properly exhausted his administrative remedies on the allegations which he makes in this particular lawsuit. While the plaintiff argues that he has submitted numerous grievances to staff and he never gets a response, the grievance policy of the ODOC provides a mechanism to advise the administrative review authority that his grievances are not being answered. The plaintiff does not provide any proof that he has ever submitted a grievance to the administrative review authority asserting that his grievances are not being answered.[3] Furthermore, the undisputed facts establish that the plaintiff did not resubmit the grievance which he filed regarding the issues in this lawsuit after it was returned to him by the administrative review authority. *See*, Dkt. # 20-6. Since plaintiff has failed to establish that he completed the inmate grievance process as delineated in the Oklahoma Department of Corrections Offender Grievance Policy, OP-090124, this Court finds plaintiff is barred from pursuing his § 1983 claim under the PLRA for failure to exhaust his administrative remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

---

[3] Although the plaintiff submits several grievances which he claims to have submitted to the staff that were not answered, the plaintiff has not submitted any copies of grievances submitted to the administrative review authority which allege that any grievance dealing with a denial of access to the law library or concerning obstruction of the plaintiff's observance of religious holy days have not been answered.

1. Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Dkt. # 20) is **granted** and Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust administrative remedies.

2. A separate judgment shall be entered in favor of the defendants and against plaintiff.

3. Plaintiff remains obligated to pay in monthly installments the **$350.00** filing fee incurred in this matter.

It is so ordered on this 30th day of November, 2012.

_James H. Payne_
United States District Judge
Eastern District of Oklahoma